**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAL WOJCIECH KRZYWDZIK,

Petitioner,

v. Case No. 2:26-cv-03164 KWR-LF

TODD BLANCHE, *Attorney General of the United States,*
MARKWAYNE MULLIN*, Secretary of the Department of Homeland Security,* ACTING DIRECTOR,
*Immigration and Customs Enforcement,*
MARY DE ANDA-YBARRA, *El Paso Field Office Director, Enforcement and Removal Operations, Immigrations and Customs Enforcement, and*
WARDEN, *Otero County Processing Center*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is subject to a final order of removal and has been in detention pending his removal from the country under 8 U.S.C. § 1231 for more than six months. Petitioner asserts there is not a significant likelihood of his removal in the reasonably foreseeable future, and he should be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The Court concludes that Petitioner is not entitled to release because he is detained with a significant likelihood of removal in the reasonably foreseeable future in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). Therefore, having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED.**

## BACKGROUND

Petitioner is a citizen of Poland. He is in ICE detention at the Otero County Processing Center in New Mexico. He was granted legal permanent resident status in 2001. Petitioner was convicted in 2008 for unlawful attempted possession of a controlled substance. He was ordered removed from the United States on March 20, 2014. He departed the United States but unlawfully re-entered in 2018.

Petitioner was detained on September 26, 2025. Respondents establish in an affidavit that "[t]o effectuate Petitioner's removal to Poland, ICE must acquire a travel document and schedule a flight for Petitioner." Doc. 6-2 at 3. On January 9, 2026, Petitioner refused to complete the necessary forms required by Poland to issue a travel document. *Id.* Respondents obtained a travel document from Poland on February 4, 2026. *Id.* A removal flight to Poland was scheduled for February 13, 2026,[1] but it was canceled because the Board of Immigration Appeals granted a stay of removal. *Id.* On February 18, 2026 an immigration judge denied Petitioner's motion to reopen his immigration proceedings.

Petitioner's removal was scheduled for August 28, 2026, then rescheduled for September 11, 2026. However, on or about August 22, 2026, Petitioner filed a petition for emergency stay of removal. On September 11, 2026, the BIA denied Petitioner's request for an emergency stay of removal. That same day Petitioner failed to comply with removal by refusing to get off the transport van to board a flight to effectuate removal. *Id.*

Petitioner does not identify any impediment to his removal to his home country, Poland. He merely cites to the length of time in detention. A third removal flight is scheduled for October 2026.

[1] Petitioner asserts he was seated on the flight but alerted officers that he had a stay of removal.

Petitioner appears to assert a *Zadvydas* claim. Petitioner mentions that he has a U-visa application pending, but he does not assert or explain that this is a basis to release him.

**LEGAL STANDARD**

Petitioner seeks release from detention under a habeas statute, 28 U.S.C. § 2241. The Constitution guarantees that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

**DISCUSSION**

Petitioner asserts that his removal from the country is not significantly likely in the reasonably foreseeable future in violation of *Zadvydas*. Petitioner did not make an initial showing that his removal was not significantly likely in the reasonably foreseeable future. As explained below, even assuming the burden shifted to Respondents to show that his removal is significantly likely in the reasonably foreseeable future, Respondents carried their burden.

An immigration detainee "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas relief. 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678 (2001). Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). The removal period begins when the removal order "becomes administratively final." *Id.* § 1231(a)(1)(B)(i).

Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *Zadvydas*, 533 U.S. at 699. Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

In his Petition, Petitioner did not provide good reason to believe that there is not a significant likelihood of removal in the reasonably foreseeable future. He merely asserts that his removal order became final in 2014, and he has been detained for a year. The length of detention is insufficient, by itself, to satisfy his burden.

After a petitioner has shown that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the respondents to rebut the showing. *Zadvydas*, 533 U.S. at 701. Respondents must provide "evidence" in rebuttal. *See id.*

Here, assuming the burden shifted to the Respondents, the Respondents rebutted Petitioner's showing. As explained below, Respondents are able to remove him to Poland, but Petitioner has impeded his removal. Respondents assert, which is undisputed, that Poland is willing to accept him. Respondents established that they obtained a flight for him to Poland on February 13, 2026. Petitioner asserts he was even seated on the flight. Doc. 7-1 at 3. But he requested and obtained an order staying his removal, which prevented his removal. Petitioner had another flight scheduled to Poland for September 11, 2026. Respondents assert that he refused to exit the transport van to board his flight. Petitioner disputes this characterization and asserts that he was

asked by an officer whether he wanted to go to Poland, and he declined. Either way, it is clear he chose not to board a flight to Poland when it was available to him.

It appears that Petitioner has refused to cooperate. The Eleventh Circuit has stated that "[t]he risk of indefinite detention that motivated the Supreme Court's statutory interpretation in Zadvydas does not exist when an alien is the cause of his own detention." *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1314 (11th Cir. 2019) (quoting *Pelich v. Immigr. & Naturalization Serv*., 329 F.3d 1057, 1060 (9th Cir. 2003)). In an unpublished decision, the Tenth Circuit also found that the refusal to sign paperwork to obtain travel documents or to assist in completing paperwork for his removal warranted denial of the *Zadvydas* claim. *Abiodun v. Mukasey*, 264 F. App'x 726, 729 (10th Cir. 2008). It reasoned that the main reason the petitioner remained in the United States was his refusal to cooperate. *Id.* Similarly here, it appears that Petitioner remains in the United States at least in part due to his refusal to sign paperwork, board flights, or cooperate with Respondents. *See also Lin v. Warden*, Case No. 2:26-cv-01274-MIS-JFR, 2026 WL 1328415, at *1 (D.N.M. May 13, 2026) (rejecting petitioner's Zadvydas claim where the petitioner remained in immigration detention because he refused to complete the paperwork necessary to effectuate his removal).

Moreover, Petitioner was scheduled for a flight to Poland, but his removal was stopped after he requested and obtained a stay of removal. Generally, such a stay of removal does not count against the Respondents. In a published case the Tenth Circuit rejected the application of *Zadvydas* to a petitioner who had a removal order with an appeal pending, explaining as follows:

> But for now, his detention is clearly neither indefinite nor potentially permanent like the detention held improper in *Zadvydas;* it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point, and, thus, is more akin to detention during the administrative review process, which was upheld in *Demore v. Kim,* 538 U.S. 510, 527–29, 531, 123 S.Ct. 1708,

> 155 L.Ed.2d 724 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").

*Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004). Similarly here, Petitioner's detention is in part caused by his litigation and obtaining a stay of removal. Petitioner boarded a flight to Poland but was removed when he asserted he had a stay of removal. Doc. 7-1 at 3.

In sum, it is undisputed that Poland is willing to accept Petitioner. While the Court is concerned about the length of time Petitioner has spent in detention, this lengthy detention is in part due to Petitioner's own actions. There does not appear to be any impediment to removing Petitioner, aside from his refusal to cooperate or his refusal to sign documents relevant to his removal. Travel documents were issued on February 4, 2026, a flight was scheduled, but he obtained a stay of removal which prevented his removal. He was also scheduled for another removal flight in September 2026, and he either refused to exit the transport van or declined to board the flight. Petitioner identifies no impediment to his removal to his home country, Poland, aside from his own actions. A third removal flight is scheduled for October 2026. Thus, it appears significantly likely in the reasonably foreseeable future that he will be removed to Poland.

## CONCLUSION

As explained above, the Court concludes that Petitioner is not entitled to release under *Zadvydas*, as he did not make an initial showing that there is no significant likelihood of removal in the reasonably foreseeable future. Even assuming he had made such a showing, Respondents rebutted it.

**IT IS THEREFORE ORDERED** that Petitioners' Petition (Doc. 1) is hereby **DENIED** for the reasons described in this Order.

/S/

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE